

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-548
Re: Term of office four years for
trustee of school district
separated from municipal con-
trol under Article 2783b.

We are in receipt of your letter of March 25, 1939, where-
in you advise that the San Angelo Independent School District was
formerly under the supervision of the City of San Angelo, but has
been separated from the city control under the provisions of Article
2783b, Revised Civil Statutes, being Acts 1935, Forty-fourth Legisla-
ture, p. 219, ch. 88. You further say that three of the trustees are
now completing their third year in office, having been elected sub-
sequent to the separation from the city. You request our opinion as
to whether the term of office of such trustees is three years or four
years.

Article 2783a, Revised Civil Statutes, being Chapter 302,
p. 674, Acts 1929, Forty-first Legislature, provided a method for
the separation of the control of the public schools of cities and
towns having a population of 100,000 or less from the municipal gov-
ernment.

Section 3 of said Article 2783a provides in part:

"The board of education or board of trustees
of such an independent district, as is provided
for in Section 2 of this Act, shall consist of
seven members elected at the time, in the manner,
and for such term as is now, or may hereafter be
provided by general law relating to the control,
management and organization of independent school
districts; provided, however, that nothing in this
Act shall be construed as to prevent any member
of the board of education or board of trustees of
any city or town referred to in Section 1 from

serving the remainder of the term for which
he was elected or appointed prior to the pas-
sage of this act."

→ Article 2774a, Section 2, Civil Statutes, enacted in 1933,
relating to boards of trustees in cities and towns where the schools
had not been removed from municipal control, reads as follows:

"In all such towns and cities having
fewer than seventy-five thousand population
→ as shown by the Federal Census of 1920, the
board of trustees shall be composed of seven
members and the seven candidates receiving
the largest number of votes at the first elec-
tion, and the three or two candidates receiv-
ing the largest number of votes at all subse-
quent elections shall be entitled to serve as
trustees hereunder. Those elected at the first
election shall determine by lot the term for
which they are to serve. The three members
drawing numbers one, two and three shall serve
for one year, the two members drawing four and
five shall serve for two years and the two mem-
bers drawing numbers six and seven shall serve
for three years, or until their successors are
elected and qualified; and regularly thereaf-
ter on the first Saturday in April of each year,
three trustees or two trustees shall be elected
for a term of three years to succeed the trustees
whose term shall at that time expire. The mem-
bers of the board remaining after a vacancy shall
fill the same for the unexpired term."

Section 1 of Article 2785b reads as follows:

"The term 'municipal school district,' as
used in this Act, shall include any city or
town constituting a separate and independent
school district under authority of Section 3,
or Article 7, of the Constitution, as amended,
and/or Section 10, of Article 11, of the Con-
stitution, the boundaries of the school cor-
poration being the same as the boundaries of
the city or town and which said city has a
population of thirty thousand (30,000) or less,
according to the last preceding United States
Census."

Section 2 provides for a petition and election looking to the separation of the school from municipal control. Section 3 prescribes the form of ballot, Section 4 for the canvass of returns and declaration of result and corporate name. Section 5 relates to the powers conferred, Section 7 to the assessment and collection of taxes, Section 8 to property rights, Section 9 to bonds and outstanding obligations.

Section 6, and Sections 10 and 11, of Article 2783b read as follows:

"That the members of the Board of Education or the board of trustees of such municipal school district shall continue as the members of the Board of Education or board of trustees of such independent school district after separation from municipal control until their terms for which they have been elected or -appointed, as the case may be, shall have expired, or until their successors have been elected and qualified; provided, that a general election shall be held on the first Saturday in April of each year in which vacancies on the board occur, for the purpose of electing trustees for said vacancies, for a term of four (4) years; provided further, that in case of a vacancy or resignation of a member of the board of trustees, the vacancy shall be filled for the unexpired term by appointment made by the board of trustees."

"If any section, sentence, clause or phrase of this Act is held to be unconstitutional, such decision shall not affect the validity of the remaining portion of this Act.

"This Act shall not repeal any law already in existence, and especially this Act shall not repeal Chapter 302 (Art. 2783a), of the General Laws passed by the Forty-first Legislature, at its Regular Session in 1929, but said law, as embraced in said Chapter, shall and does remain in full force and effect, and shall continue to be applicable to the cities or towns therein mentioned, heretofore or hereafter adopting the same."

If that part of Section 11 saying that "this Act shall not repeal any law already in existence, and especially shall not repeal Article 2783a" be interpreted so literally as to mean that any law already in existence, particularly Article 2783a, should not even be modified, then Article 2783b would be rendered entirely nugatory. From that part of Section 11 which we have underlined above, we think it appears with sufficient clearness that the language of Section 11 simply means that nothing contained in Article 2783b shall affect

any city or town continuing to operate without taking advantage of said Article 2783b.

Article 2774a, Section 2, still governs the length of term of trustees in those cities and towns having a population of less than 75,000 and where the schools are still municipally controlled. It would likewise determine the length of term of trustees of those districts which have been divorced from municipal control under Article 2783a. However, Section 10 of 2783b makes specific provision as to the length of term of the trustees in those independent school districts formed under the authority of that Article. The term fixed is four years and it is provided that elections shall be held on April 1st of each year in which vacancies occur.

Our answer to your question is that the length of term of the trustees in the instance inquired about is four years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Cecil C. Rotsch
Assistant

COR:FG


APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL

